# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HOMER FRYE,**

    **Petitioner,**

v.                                                             **Civil action no. 1:05cv124**
                                                                              **(Judge Keeley)**

**KEVIN WENDT, Warden,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 29, 2005, pro se petitioner Homer Frye filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241 asserting that the Federal Bureau of Prisons ["BOP"] improperly calculated his good conduct time ("GCT"). Specifically, the petitioner asserted that the BOP erred in interpreting 18 U.S.C. §3624(b) when it calculated his GCT based on the time served instead of his term of imprisonment.

The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.15. On September 26, 2005, Magistrate Judge Seibert issued a Report and Recommendation, stating that the BOP's policy regarding GCT is proper and that the BOP properly calculated the Petitioner Frye's GCT based on the time served instead of the sentence imposed. Accordingly, Magistrate Judge Seibert recommended that the Court deny Frye's §2241 petition and dismiss the petition with

**FRYE v. WENDT**  1:05CV124

## ORDER ADOPTING REPORT AND RECOMMENDATION

prejudice.

The Report and Recommendation specifically warned Frye that his failure to object to Magistrate Judge Kaull's recommendation would result in the waiver of his appellate rights on this issue. Nevertheless, Frye has not filed any objections.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety and **ORDERS** Frye's case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the petitioner.

Dated: October __14__, 2005.

_____
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Frye's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).